UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| ROLINA SCHNUERLE, an individual<br><br>　　　　　　Plaintiff,<br>vs.<br><br>SAN JOAQUIN VALLEY COLLEGE, INC., a California Corporation,<br><br>　　　　　　Defendant. | Case No. 1:22-cv-00070-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff's Motion for Extension of Time to File Response ("Motion"). Dkt. 15. Having reviewed the record, the Court finds the parties have adequately presented the facts and legal arguments in the briefs. Accordingly, in the interest of avoiding delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court decides the pending motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Motion is GRANTED.

## II. BACKGROUND

On February 5, 2022, Plaintiff Rolina Schnuerle filed a complaint in Idaho state court against San Joaquin Valley College, Inc. ("San Joaquin"). Dkt. 1, Ex. A. Pursuant to 28 U.S.C. § 1332, San Joaquin removed the case to this Court on February 18, 2022. Dkt. 1. After the close of discovery, San Joaquin filed a Motion for Summary Judgment on December 16, 2022. Dkt. 13. When Schnuerle failed to respond to the Motion for Summary

Judgment by her January 6, 2023 deadline, the Court gave her the opportunity to file a Motion for Extension on or before January 20, 2023. Dkt. 14. Schnuerle timely filed the instant Motion, requesting a brief extension to file her response to San Joaquin's Motion for Summary Judgment. Dkt. 15. San Joaquin opposes Schnuerle's Motion. Dkt. 16.

### III. LEGAL STANDARD

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Similarly, District of Idaho Local Civil Rule 6.1(a) provides "[a]ll requests to extend briefing periods . . . must be in writing and state the specific reason(s) for the requested extension. Such requests will be granted only upon a showing of good cause."

The concepts of good cause and excusable neglect significantly overlap, and generally require the consideration of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2001); *Hammer v. City of Sun Valley*, 2018 WL 3973400, at *4 n. 3 (D. Idaho Aug. 20, 2018). Ultimately, the decision of whether to extend or enforce a deadline is within the district court's discretion. *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985).

### III. DISCUSSION

In support of her Motion, Schnuerle's counsel attests that he missed the deadline to respond to San Joaquin's Motion for Summary Judgment because he had not received a

ORDER - 2

copy of Schnuerle's deposition transcript by January 6, 2023, and was thus unable to complete Schnuerle's response brief. Schnuerle's counsel contends he inadvertently failed to file a Motion for Extension, and was not aware that he had even missed the response deadline until January 13, 2023, when the Court so notified him via docket entry order. Schnuerle's counsel did not receive a copy of Schnuerle's unsigned deposition transcript until January 16, 2023. Schnuerle requests a one-week extension in order to submit a response brief.

San Joaquin argues Schnuerle has not established "good cause" under District of Idaho Local Civil Rule 6.1. San Joaquin highlights that in *Vasquez v. City of Idaho Falls*, 2020 WL 2950347, at *2 (D. Idaho June 3, 2020),[1] this Court declined to find the good cause necessary to grant a motion to extend where, as here, the plaintiff had notice of the defendant's motion but failed to timely respond. San Joaquin also notes that it filed a copy of Schnuerle's deposition transcript with its Motion for Summary Judgment. Dkt. 12-5. As such, San Joaquin suggests any argument that Schnuerle did not have access to her deposition transcript is inaccurate.

Although Schnuerle's reason for failing to timely respond to San Joaquin's Motion for Summary Judgment is not strong, the Court nonetheless finds an extension is warranted. San Joaquin has not identified any prejudice it will suffer if the Court grants Schnuerle a brief extension. By contrast, Schnuerle would be significantly prejudiced if she is not

---

[1] In *Vasquez*, the Court denied plaintiff's request to extend the deadline to respond to defendant's motion in limine. *Id*. at *3. Unlike the impending jury trial in *Vazquez*, there are no imminent deadlines or hearings to reset as a result of granting Schnuerle's Motion.

ORDER - 3

permitted to file a response to San Joaquin's Motion for Summary Judgment. Dist. Idaho Loc. Civil R. 7.1(e)(2) (explaining the court may consider any uncontested material facts as undisputed for purposes of summary judgment). Nor is the length of delay significant. Even with an extension to Schnuerle's response deadline, San Joaquin's Motion for Summary Judgment will be ripe on approximately February 16, 2023—within one year from the date the case was removed to this Court. A one-year timeline for all pretrial proceedings is exceedingly fast, and the brief delay will not have *any* potential impact on this case.

Moreover, the reason for delay, although neglectful, was not intentional. Attorneys are human and should be granted the grace to make mistakes—particularly when such mistakes do not prejudice the opposing party. Schnuerle also immediately filed a Motion for Extension when she learned her attorney had missed the response deadline, and requested only a one-week extension to file her response. Dkt. 14, at 2. The Court finds Schnuerle acted in good faith under such circumstances.

Finally, the Court is cognizant that the Federal Rules of Civil Procedure must be employed by the court and the parties to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In the absence of prejudice to San Joaquin, and given the significant ramifications to Schnuerle, denying a brief extension would be exceedingly unjust.

### IV. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Schnuerle's Motion for Extension (Dkt. 15) is **GRANTED**;

2. Schnuerle shall file her Response to San Joaquin's Motion for Summary Judgment on or before February 3, 2023.

DATED: January 30, 2023

_____
David C. Nye
Chief U.S. District Court Judge

ORDER - 5